## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**HENRY N. HARPER,**

    **Plaintiff,**

                                                          Civil Action 2:11-cv-00939

v.                                                Judge Peter C. Economus
                                                Magistrate Judge E.A. Preston Deavers

**LINDSEY K. DONEHUE,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

        Plaintiff Henry Harper's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's application, however, reveals that he currently possesses insufficient funds to pay the full filing fee.

        Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate A638859) at the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

        After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

>   Prisoner Accounts Receivable
>   260 U.S. Courthouse
>   85 Marconi Boulevard
>   Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff, a *pro se* prisoner, attempts to bring this action against the trial attorney who represented him in his criminal case for constitutional violations, negligence, and malpractice.  For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal causes of action for failure to state a claim.  Additionally, it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and that the Court **DISMISS** these claims pursuant to 28 U.S.C. § 1367(c)(3) without prejudice.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> &ast; &ast; &ast;
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim).  Thus, § 1915(e) and § 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*

---

[1]Formerly 28 U.S.C. § 1915(d).

*Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In this case, Plaintiff's allegations revolve around Defendant Lindsey K. Donehue's conduct as his criminal defense attorney.  Plaintiff maintains that through her representation of him, Defendant Donehue violated his Fifth, Sixth, and Fourteenth Amendment rights.  Plaintiff highlights several purported deficiencies in Defendant Donehue's conduct including a failure to call witnesses, file motions, and seek evidence.  Additionally, Plaintiff raises state law claims for negligence and legal malpractice.

Plaintiff's Complaint fails to state any federal cause of action.  Construing Plaintiff's *pro se* Complaint liberally, as the Court must, it appears that Plaintiff is attempting to bring his federal claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights.  Nevertheless, in order to succeed on a § 1983 claim, Plaintiff must demonstrate that Defendants "acted under color of law . . . ." *Johnson-Kurek v. Abu-Absi*, 423 F.3d 590, 595 (6th Cir. 2005).  "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)).  Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is

not acting for the state for purposes of Section 1983." *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio April 12, 2011). Here, the conduct that forms the basis of Plaintiff's claims falls squarely within the traditional functions of a lawyer representing a client. Accordingly, Plaintiff has failed to allege sufficient state action for the purposes of his federal claims.

Plaintiff also brings state-law claims for negligence and legal malpractice. Even assuming that Plaintiff's attempt to state federal claims is sufficient to give the Court subject matter jurisdiction,[2] the Court should decline to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well ." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). In this case, Plaintiff's Complaint indicates that the parties are not diverse. Moreover, for the reasons described above, the Court should dismiss any potential federal causes of action for failure to state a claim. Under these circumstances, the Court should also decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

For the above reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal causes of action for failure to state a claim. Moreover, it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental jurisdiction over

---

[2] Because the Court recommends that the Court decline jurisdiction, it is unnecessary to reach this question.

Plaintiff's remaining state law claims and that the Court **DISMISS** these claims without prejudice.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 18, 2011                    /s/ *Elizabeth A. Preston Deavers*
                                           Elizabeth A. Preston Deavers
                                           United States Magistrate Judge