# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HENRY N. HARPER,**

    **Plaintiff,**

    v.

**LINDSEY K. DONEHUE,** *et al.*,

    **Defendants.**

Civil Action 2:11-cv-00939
Judge Peter C. Economus
Magistrate Judge E.A. Preston Deavers

## ORDER

This matter is before the Court for consideration of the November 18, 2011 Report and Recommendation. Plaintiff attempts to bring several causes of action against Defendant Lindsey K. Donehue for alleged errors in her work as his criminal defense attorney. Upon an initial screen, the Magistrate Judge recommended that the Court dismiss Plaintiff's purported federal causes of action for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Plaintiff objected to the Report and Recommendation on November 29, 2011. Within his Objection, Plaintiff maintains that he did not fail to state a federal claim.[1] Plaintiff specifically contends that he states claims for violations of the Fifth, Sixth, and Fourteenth Amendments.

Regardless of how Plaintiff attempts to label his causes of action, however, in substance he appears to bring a state-law action for legal malpractice against his defense attorney. To the extent Plaintiff attempts to state a federal claim, the Court agrees with the Magistrate Judge's

---

[1] Plaintiff also appears to contest the initial screen process in general as well as the timing of the Magistrate Judge's Report and Recommendation. These contentions are unavailing.

analysis:

> Construing Plaintiff's *pro se* Complaint liberally, as the Court must, it appears that Plaintiff is attempting to bring his federal claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights. Nevertheless, in order to succeed on a § 1983 claim, Plaintiff must demonstrate that Defendants "acted under color of law . . . ." *Johnson-Kurek v. Abu-Absi*, 423 F.3d 590, 595 (6th Cir. 2005). "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983." *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio April 12, 2011). Here, the conduct that forms the basis of Plaintiff's claims falls squarely within the traditional functions of a lawyer representing a client. Accordingly, Plaintiff has failed to allege sufficient state action for the purposes of his federal claims.

(Report & Recommendation 4–5, ECF No. 4.)

Within his Objection Plaintiff stresses that the Courts of Appeals for the Seventh and Eighth Circuit have held that public defenders do act under the color of state law. (*See* Objection 3, ECF No. 7.) In *Polk*, however, the Supreme Court of the United States rejected this general position and held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Based on the foregoing, as well as the reasoning outlined in the Magistrate Judge's Report and Recommendation, Plaintiff's Objection is **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, Plaintiff's purported federal causes of action are **DISMISSED** for failure to state a claim. Plaintiff's remaining state-law claims are **DISMISSED WITHOUT PREJUDICE**, as the Court **DECLINES** to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The Clerk is **DIRECTED** to remove this action from the Court's pending case list.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  - February 9, 2012**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**